# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDEN ENVIRONMENTAL CITIZEN'S GROUP LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**LAPTALO ENTERPRISES, INC., ET AL.,**<br><br>Defendants. | CASE NO. 18-cv-05544-YGR<br><br>**ORDER STRIKING SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 49, 50 |

The Court has received the second amended complaint ("SAC") filed by plaintiff Eden Environmental Citizen's Group, LLC, ("Eden") against defendants Laptalo Enterprises, Inc., dba JL Precision ("Laptalo"), Jakov Laptalo, Michael Laptalo, Carl Italiano, and Does 1-10. (Dkt. No. 49 ("SAC").) On March 14, 2019, the Court denied Laptalo's second motion to dismiss. (*See* Dkt. No. 39 ("MTD Order") at 8.) Therein, the Court found that Eden had "alleged, by way of its FAC [first amended complaint] and supplemental declarations [including that of member Theophilus Austin Mills, III], that one of its current members has suffered, and continues to suffer, a concrete injury traceable to defendants' alleged activity at their [property at in San Jose, California (the "Facility")] and therefore currently has standing in its own right under Article III." (*Id.*) Although Eden failed to include all of the relevant information in its FAC, the Court noted that if it dismissed Eden's complaint for lack of standing, plaintiff could simply refile immediately thereafter. In order to avoid "elevat[ing] form over substance[,]" the Court declined to dismiss Eden's complaint and instructed plaintiff "to file a ***supplemental pleading*** under Rule 15(d) alleging member Mills' membership in the plaintiff-organization ***at the time of the supplemental filing***." (*Id.* (citing *Northstar Financial Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1043-44 (9th Cir. 2015).)

Instead, Eden filed a second amended complaint without seeking leave of the Court, as required by Rule 15(a)(2). *See* SAC; Fed. R. Civ. P. 15(a)(2). Accordingly, the Court **STRIKES** plaintiff's SAC.[1] The Court will provide Eden <u>one</u> more opportunity to address the failures in its complaint identified in the Court's March 14 order.

The Court *once again* instructs Eden to file a **<u>supplemental pleading</u>** pursuant to Rule 15(d) that:

1. Identifies, either by name or other specific identifying information, a current member who has suffered, and continues to suffer, a concrete injury traceable to defendants' alleged activity at the Facility and therefore has standing in his own right under Article III, *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir. 2000) (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977)); and

2. Alleges that said current member is a member of Eden at the time of the filing of the supplemental pleading.

Plaintiff shall so file no later than **Monday, May 6, 2019**. Laptalo shall file its response thereto no later than **Monday, May 13, 2019**. Failure to file a *supplemental pleading* that comports with the specific requirements of this Order, by May 6 will be construed as an inability to do so and will result in *sua sponte* dismissal of plaintiff's action. The Court **CONTINUES** the initial case management conference currently scheduled for May 13, 2019 to June 3, 2019.

This Order terminates Docket Number 50.

**IT IS SO ORDERED.**

Dated: April 29, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Thus, the Court **DENIES AS MOOT** Laptalo's motion to dismiss the SAC.