# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDEN ENVIRONMENTAL CITIZEN'S GROUP LLC,**<br><br>Plaintiff**,**<br><br>vs.<br><br>**LAPTALO ENTERPRISES, INC., ET AL.,**<br><br>Defendants**.** | CASE NO. 18-cv-05544-YGR<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. No. 63 |

On June 3, 2019, the Court conducted a case management conference in the above-captioned case, during which the Court heard oral argument on defendants' pending motion to dismiss plaintiff's first supplemental amended complaint ("FSAC"), which is now fully briefed.[1] (*See* Dkt. Nos. 63, 66.)[2] Accordingly, for the reasons stated on the record in the Court's tentative ruling, and confirmed herein, having carefully considered the briefing and arguments submitted in this matter, defendants' motion to dismiss plaintiff's FSAC is **DENIED** with respect to defendants' standing argument and notice argument as well as their argument that plaintiff fails to state a claim against individual defendant Jakov Laptalo and **DENIED AS MOOT** with respect to defendants' argument that plaintiff fails to state a claim against individual defendant Carl Italiano. As the Court has addressed defendant's sufficiency of allegations agreement for the first time, the Court affords plaintiff leave to amend.

---

[1] The Court has reviewed the papers submitted by the parties in connection with defendants' motion to dismiss FSAC. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing scheduled for June 18, 2019.

[2] The Court notes that in light of the recent stipulation of dismissal as to defendant Carl Italiano, defendants have declined to file a reply in support of their motion to dismiss. (*See* Dkt. No. 70.)

1    With respect to defendants' argument regarding Article III standing,[3] the Court has already found that the interests that this suit seeks to protect are germane to the organization's purposes and neither plaintiff Eden Environmental's ("Eden's") claim of violation of the Clean Water Act ("CWA") nor the declaratory, injunctive, and civil penalty relief sought requires individualized proof and are thus properly resolved in a group context. (Dkt. No. 48 ("MTD FAC Order") at 7 (citing *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir. 2000) (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977)).) Therefore the only remaining issue with respect to standing is whether one of Eden's members would otherwise have standing to sue in his or her own right. *See Pac. Lumber Co.*, 230 F.3d at 1147.

Eden's first amended complaint ("FAC") (Dkt. No. 30), read in conjunction with the declaration of Eden member Theophilus Austin Mills III (Dkt. No. 16) filed in support of Eden's opposition to defendants' motion to dismiss the FAC as permitted by *McCarthy v. United States*, alleged that one of Eden's current members has suffered and continues to suffer a concrete injury traceable to defendants' alleged activity at the Laptalo Enterprises facility in at issue (the "Facility") and therefore has standing in his own right under Article III. (*See* MTD FAC Order at 7 (citing *McCarthy*, 850 F.2d 558, 560 (9th Cir. 1988)).) Notwithstanding the foregoing, the FAC failed to allege that member Mills was a member of Eden at the time the organization filed its initial complaint on September 10, 2018 and therefore failed to establish that the organization had "standing at the outset of the litigation." (*Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 181 (2000)).)

---

[3] In connection with their motion to dismiss, and in support of their argument regarding standing, defendants request that the Court take judicial notice of two documents: (1) Eden's Statement of Information (Limited Liability Company) Form LLC-12 filed with the California Secretary of State, dated June 6, 2018; and (2) Eden's Registration – Articles of Organization filed with the California Secretary of State, dated June 1, 2018. (Dkt. No. 65 ("Defendants' RJN").) The Court previously took judicial notice of these documents in its orders dismissing plaintiff's FAC (*see* MTD FAC Order at 2 n. 2) and finds judicial notice appropriate here for the same reasons as stated in those orders. Accordingly, the Court **GRANTS** defendants' request for judicial notice of these public records. The Court will afford them their proper evidentiary weight.

Plaintiff's FSAC identifies "specific associational member with standing by name as EDEN member Theophilus Austin Mills III., and alleges that Mr. Mills is a member of EDEN at the time of the filing of" the FSAC and "was a member of EDEN at the time that the initial Complaint was filed." (Dkt. No. 62 ("FSAC") ¶ 9.) Additionally, the declaration of Mills filled in support of plaintiff's opposition to the instant motion to dismiss asserts that Mills joined Eden on or about June 3, 2019 and has remained a member ever since. (Dkt. No. 66-1 ("Mills Decl.") ¶ 1.) Therefore, the Court finds that plaintiff has sufficiently alleged Article III standing under the citizen suit provision of the CWA. *See Pac. Lumber Co.*, 230 F.3d at 1147 (citing *Washington State Apple*, 432 U.S. at 343).

Defendants raise, and therefore the Court addresses, for the first time, defendants' argument that plaintiff's FSAC should be dismissed as to the individual defendants based on the assertions that (1) Eden's notice of intent to sue ("NOI") fails to provide notice as to the individual defendants and (2) Eden's FSAC fails to state a cause of action against Jakov Laptalo and Carl Italiano.[4] Defendants fail to provide any authority for their proposition that a notice of intent to sue fails to meet the standard set out in 40 C.F.R. §135.3(a) where one of the defendants to whom the letter is addressed is not alleged therein as a person responsible for the alleged violation.

---

[4] In connection with its opposition to defendants' instant motion to dismiss, plaintiff requests that the Court take judicial notice of four documents: (A) Laptalo Enterprises, Inc.'s Statement of Information filed with the California Secretary of State as Form SI-200 on September 21, 2015; (B) Laptalo Enterprises' Notice of Intent to Discharge Storm Water Associated with Industrial Activity under WQ Oder No. 2014-0057-DWQ filed with the California State Water Resources Board on December 27, 2017; (C) Relevant excerpts from California's National Pollutant Discharge Elimination System ("DPDES") General Permit for Storm Water Discharges Associated with Industrial Activities, Order NDPES No. CAS000001, Order 2014-0057-DWQ, effective July 1, 2015, including Sections II.A and XXI; and (D) California Court of Appeals Opinion in *People v. Roscoe*, 169 Cal.Ap.4th 829 (2008). (Dkt. No. 67 ("Plaintiff's RJN").) Exhibits A and B are business records filed with the California Secretary of State and California State Water Resources Board, respectively, and are, therefore, matters of public record. Similarly, Exhibit C constitutes a report of an administrative body, which is publicly available and a matter of public record. Accordingly, the Court **GRANTS IN PART** plaintiff's unopposed request, with respect to Exhibits A, B, and C. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) (noting "a court may take judicial notice of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies) (internal quotation marks omitted) (alterations in original). Exhibit D is a court opinion and therefore the Court need not take judicial notice of the document to consider is persuasiveness. Accordingly, the Court **DENIES** plaintiff's request with respect to Exhibit D.

As the parties have stipulated to dismissal of defendant Carl Italiano, with prejudice, the Court will not address defendants' motion to dismiss as it applies to him. (*See* Dkt. Nos. 70, 71.)

Moreover, the NOI, which is attached as Exhibit A to the FSAC, clearly includes Michael Laptalo and Jakov Laptalo as recipients of the letter and states in its introduction "To Officers, Directors, Operators, Property Owners and/or Facility Mangers of" Laptalo Enterprises. (Dkt. No. 62-1 ("NOI") at 1.) Therefore, the Court finds that the NOI sufficiently puts the individual defendants *on notice* that their liability stems from their status as legally responsible persons or duly authorized representatives thereof.[5]

Related to the sufficiency of Eden's allegations against individual defendant Jakov Laptalo, the Ninth Circuit has found that the "responsible corporate office" doctrine applies to the CWA and that "[u]nder the CWA a person is a 'responsible corporate officer' if the person has authority to exercise control over the corporation's activity that is causing the discharges." *United States v. Iverson*, 162 F.3d 1015, 1025 (9th Cir. 1998). In defining the scope of the "responsible corporate officer doctrine, the Supreme Court has held that "the Government establishes a prima facie case when it introduces evidence sufficient to warrant a finding by the trier of the facts that the defendant had, *by reasons of his position in the corporation*, responsibility and authority either to prevent in the first instance or to promptly correct, the violation complained of, and that he failed to do so." *United States v. Park*, 421 U.S. 658, 668 (1975) (emphasis supplied).

Here, Eden has alleged that defendant Jakov Laptalo is the CEO, or chief executive officer, of Laptalo Enterprises. Defendants do not, and cannot genuinely argue, that he does not have, by virtue of his position as CEO, responsibility and authority either to prevent in the first instance or to promptly correct, the violation of which plaintiff now complains and alleges had not been corrected. Accordingly, the Court finds that defendant Jakov Laptalo's conduct falls within the scope of the responsible corporate officer doctrine and therefore that plaintiff has sufficiently stated a claim against him.

Thus, defendants' motion to dismiss plaintiff's FSAC is **DENIED AS MOOT** with respect to

---

[5] Additionally, the documents Eden submitted for judicial notice provide support for the assertion that the individual defendants are, in fact, legally responsible persons or duly authorized representatives thereof. Exhibit A, Laptalo Enterprises' current Statement of Information, shows that Jakov Laptalo and Michael Laptalo are the CEO and Secretary, respectively, for the corporation. (Dkt. No. 67 at ECF 4.)

4

individual defendant Carl Italiano, who is now dismissed (Dkt. No. 72) and **DENIED** on all grounds asserted as to remaining defendants.

This Order terminates Docket Number 63.

**IT IS SO ORDERED.**

Dated: June 10, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**