Shaye Diveley (SBN: 215602)
sdiveley@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for LAPTALO ENTERPRISES, INC., dba JL PRECISION; JAKOV LAPTALO; MICHAEL LAPTALO

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

EDEN ENVIRONMENTAL CITIZEN'S GROUP, LLC, a California limited liability company,

Plaintiff,

v.

LAPTALO ENTERPRISES, INC., dba JL PRECISION, a California Corporation; JAKOV LAPTALO, an individual; MICHAEL LAPTALO, an individual; and DOES 1-10, inclusive,

Defendants.

Case No. 4:18-cv-05544-YGR

**~~[PROPOSED]~~ CONSENT DECREE AND STIPULATED DISMISSAL**

The Hon. Yvonne Gonzalez Rogers

Trial Date: None Set

**CONSENT DECREE**

WHEREAS, Eden Environmental Citizen's Group, LLC ("EDEN") is an environmental citizen's group organized under the laws of the State of California, dedicated to protect, enhance, and assist in the restoration of all rivers, creeks, streams, wetlands, vernal pools, and tributaries of California, and the United States;

WHEREAS, JL Precision ("JLP") is a corporation organized under the laws of California that operates the facility located at 2360 Zanker Road in San Jose, California ("Site" or "Facility"), which discharges storm water pursuant to the State Water Resources Control Board's General Industrial Activities Storm Water Permit, Order No. 2014-0057-DWQ, NPDES Permit

No. CAS000001, and any amendments thereto ("General Permit");

WHEREAS, on or about June 22, 2018, EDEN provided JLP with 60-Day Notices of Violations and Intent to File Suit ("Notice Letters") under section 505 of the Federal Water Pollution Control Act, 33 USC § 1365 (the "Act" or "CWA"), alleging violations under CWA;

WHEREAS, on or about September 10, 2018, EDEN filed its Complaint in U.S. District Court for the Northern District of California against JL Precision, Jakov Laptalo and Michael Laptalo (collectively, "Defendants") (Civil Action No. 4:18-cv-05544-YGR) (as subsequently amended, referred herein as "Complaint");

WHEREAS, the Defendants deny all allegations and claims contained in the Notice Letter and/or Complaint, and reserve all rights and defenses with respect to such allegations and claims;

WHEREAS, EDEN and Defendants (collectively, "the Parties"), through their authorized representatives and without either adjudication of the Complaint's claims or admission by Defendants of any alleged violation or other wrongdoing, have chosen to resolve this action through settlement and avoid the costs and uncertainties of further litigation;

NOW, THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH IS HEREBY ACKNOWLEDGED, THE PARTIES EACH HEREBY STIPULATED BETWEEN THE SETTLING PARTIES, AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:

**TERMS AND CONDITIONS**

1.  This Agreement, and each of its provisions, including all representations; warranties, and promises contained herein, binds, and inures to the benefit of EDEN and Defendants, and each of their respective assigns, present and future operators, affiliates, parents, subsidiaries, predecessors, and successors in interest whether by merger, consolidation, or otherwise, as well as their respective representatives, agents, members, officers, and administrators, past, present, and future.

2.  The term "Effective Date," as used in this Consent Decree, shall mean the last date for the United States Department of Justice to comment on the [proposed] Consent Decree, i.e., the 45th day following the United States Department of Justice's receipt of the [proposed] Consent

Decree and Stipulated Dismissal.

3. This Consent Decree will terminate three (3) years from the Effective Date ("Termination Date"), at which time the Consent Decree, and all obligations under it, shall automatically terminate, unless one of the Parties has invoked Dispute Resolution in accordance with the Consent Decree. The term "Term," as used in this Consent Decree, shall mean that period between the Effective Date and the Termination Date.

**BEST MANAGEMENT PRACTICES**

4. JLP has implemented and/or shall implement the following best management practices ("BMPs") with respect to the Facility within the Term of this Consent Decree:

a. Install metal filtration drop inlet protection at the three drop inlets at the Facility.

b. Install fiber waddles/rolls along with perimeter of the facility (adjoining the neighboring business), where the rolls are not already installed.

c. Repair or remove the broken concrete parking blocks near the adjoining business side of the Site.

d. Repave areas of broken-up asphalt along the side of the building with five (5) tons of asphalt.

e. Ensure chemicals are stored properly and with secondary containment in compliance with current Hazardous Materials Policy.

f. Ensure that drain inlets are cleaned, inspected and maintained on a regular basis, as provided for in the Storm Water Pollution Prevention Plan ("SWPPP").

g. Cover outdoor materials (if practical) before predicted rain events and ensure that garbage bins remain covered.

h. Pick up and dispose of trash and debris as addressed in the SWPPP.

i. File Annual Report for the reporting periods covered under this Agreement by July 15 of each Reporting Year with the required certification in accordance with the General Permit requirements.

j. Update the Facility's SWPPP to account for industrial operations under relevant SIC Codes (3444 and 3599), and to provide more detail on the Facility's industrial operations and the specific chemicals and industrial materials used in facility operations, consistent with the Hazardous Materials documentation already maintained for the Facility.

k. Conduct Monthly Visual Observations and sampling visual observations and prepare and retain contemporaneous records of same in accordance with the General Permit requirements.

l. Upload storm water analyses to the State Water Resources Control Board SMARTS database within 40 days, including uploading the laboratory report and entering the ad hoc data, and follow other required protocol for sampling in accordance with the General Permit requirements.

m. Regularly sweep and/or vacuum asphalt and outdoor areas at the Facility as addressed in the SWPPP.

n. Ensure that a minimum of two employees are included on the Facility's Pollution Prevention Team, and that these employees receive regular and ongoing training on BMP implementation and monitoring and sampling.

o. Conduct annual review of Facility by a Qualified Industrial Storm Water Practitioner ("QISP") or environmental consultant.

p. Permit Eden to conduct up to two (2) site visits annually, with two weeks' notice in accordance with the notice requirements of this Consent Order and at a time during business hours convenient to Defendants and its counsel, to termination of this Consent Decree.

JLP shall have the right, in its sole discretion, to determine (i) which persons shall perform any work described herein, including JLP's employees or third-party contractors; and (ii) the scope and technical details of, and manner to implement, any such work. JPL shall provide a Notice of Completion to Eden pursuant to Section 24 herein within ten (10) business days of completion of item numbers a-d and j, above.

**MONITORING AND MITIGATION PAYMENTS**

5. **Fees and Costs**: Each Party agrees to bear its own fees and costs incurred related to this Consent Decree.

6. **Environmental Mitigation Funding**: To remediate perceived environmental harms resulting from the allegations in EDEN's 60-day Notice and Complaint, within thirty (30) days of the Effective Date, Defendants shall pay the sum of Ninety-Four Thousand Dollars ($94,000.00) to the San Francisco Estuary Institute, an environmental non-profit organization for the sole purpose of providing environmentally beneficial projects within the San Francisco Bay to improve water quality in those communities. Within forty-five (45) days of the Effective Date, Defendants shall tender payment of Nineteen Thousand Dollars ($19,000) to the San Francisco Estuary Institute. The remaining Seventy-Five Thousand Dollars ($75,000) shall be made in quarterly payments thereafter (with the first quarterly payment due on or before September 30, 2020) over the Term of this Consent Decree. Defendants have made personal guarantee the entire sum shall be paid in full. All payments shall be made to:

Jennifer Hunt
San Francisco Estuary Institute
4911 Central Avenue
Richmond, CA 94804
Direct Dial: (510) 746-7340
Email: jennifer@sfei.org

7. **Compliance Monitoring Funding**: To defray EDEN's reasonable investigative, expert, consultant and attorneys' fees and costs associated with monitoring compliance with this Consent Decree, Defendants agree to contribute Six Thousand Dollars ($6,000.00) to a compliance monitoring fund for the Term covered by this Consent Decree maintained by EDEN's financial counsel. Within forty-five (45) days of the Effective Date, Defendants shall tender payment in the form of a certified or cashier's check made payable to "Craig A. Brandt Attorney Trust Fund" with tracking to EDEN's financial attorney Craig A. Brandt at:

Craig A. Brandt
Law Office of Craig A. Brandt
5354 James Avenue
Oakland, CA 94618
Telephone: (510) 601-1309
Email: craigabrandt@att.net

8. **Dispute Resolution**: If a dispute under this Consent Decree arises, or the Parties believe that a breach of this Consent Decree has occurred, the Parties shall schedule a meet and confer within ten (10) business days of receiving written notification from the other Party of a request for a meeting to determine whether a violation of this Consent Decree has occurred and to develop a mutually agreed upon plan, including implementation dates, to resolve the dispute. If not successful, Parties may seek rights and remedies under the law, including bringing a motion before the United States District Court for the Northern District of California for the limited purpose of enforcing the terms of this Consent Decree. The Parties consent to Magistrate Judge Hixson to retain continuing jurisdiction over the Consent Decree, including jurisdiction to adjudicate any disputes or allegations of breach. The Parties shall be entitled to seek fees and costs incurred in any such action pursuant to the provisions set forth in section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d).

**JURISDICTION OVER CONSENT DECREE**

9. **Jurisdiction**: For the purposes of this Consent Decree, the Parties stipulate that the United States District Court of California, Northern District of California, has jurisdiction over the Parties and subject matter of this Consent Decree. The Parties stipulate that venue is appropriate in the Northern District of California and that Defendants will not raise in the future as part of enforcement of this Consent Decree whether EDEN has standing to bring the Complaint or any subsequent action or motion pursuant to the Dispute Resolution procedures herein. Defendants reserve all other rights and defenses in any such proceeding.

10. **Jurisdiction to Enforce Consent Decree**: The Court referenced above shall retain jurisdiction over the Parties and subject matter of this Consent Decree for the purpose of adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree. The Parties consent to Magistrate Judge Hixson to retain continuing jurisdiction over the

Consent Decree. The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies.

11. **Submission of Consent Decree**. By March 2, 2020, or as soon as practicable after execution by the Parties, Defendants shall submit this Consent Decree to the U.S. Department of Justice ("DOJ") and U.S. Environmental Protection Agency ("EPA") for agency review consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five (45) days after receipt by both agencies, as evidenced by certified return receipts. In the event that DOJ or EPA comments negatively on the provisions of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issues raised by DOJ or EPA.

**WAIVER AND RELEASES**

12. Upon District Court approval and entry of this Consent Decree, EDEN and their successors, assigns, directors, officers, agents, attorneys, representatives, and employees, releases all persons, including Defendants and their respective officers, employees, agents, attorneys, representatives, contractors, predecessors, successors and assigns, heirs, past and present, from, and waives all claims for, injunctive relief, damages, penalties, fines, sanctions, mitigation, fees (including fees of attorneys, experts, and others), costs, expenses or any other sum claimed or which could have been claimed for matters included in the Notice Letter and/or the Complaint. This release includes a release, and covenant not to sue, for any claims of injunctive relief, damage, penalties, fines, sanctions, mitigation, fees (including fees of attorneys, experts and others), costs, expenses or any other sum incurred, claimed or could have been claimed based on facts or allegations set forth in the Notice Letter and/or Complaint up to the Termination Date of this Consent Decree.

**MISCELLANEOUS PROVISIONS**

13. **Execution in Counterparts**: The Consent Decree may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document.

14. **Signatures**: The Parties' signatures to this Consent Decree transmitted by facsimile or electronic mail transmission shall be deemed binding.

15. **Construction**: The language in all parts of this Consent Decree, unless otherwise

stated, shall be construed according to its plain and ordinary meaning. The captions and paragraph headings used in this Consent Decree are for reference only and shall not affect the construction of this Consent Decree.

16. **Authority to Sign**: The undersigned are authorized to execute this Consent Decree on behalf of their respective Party and have read, understood and agreed to all of the terms and conditions of this Consent Decree.

17. **Integrated Consent Decree**: All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties concerning the subject matter of this Consent Decree are contained herein.

18. **Severability**: In the event that any of the provisions of this Consent Decree are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

19. **Choice of Law**: This Consent Decree shall be governed by the laws of the United States or, where applicable, the laws of the State of California.

20. **Full Settlement**: This Consent Decree constitutes a full and final settlement of this matter.

21. **Negotiated Agreement**: The Parties have negotiated this Consent Decree and agree that it shall not be construed against the party preparing it but shall be construed as if the Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one party.

22. **Modification of the Agreement**: This Consent Decree, and any provisions herein, may not be changed, waived, or discharged unless by a written instrument signed by each of the Parties.

23. **Assignment**: Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree shall inure the benefit of and be binding upon the Parties, and their successors and assigns.

24. **Mailing of Documents to EDEN/Notices/Correspondence**: Any notices or documents required or provided for by this Consent Decree or related thereto that are to be

provided to EDEN pursuant to this Consent Decree shall be, to the extent feasible, sent via electronic mail transmission to the e-mail addresses listed below or, if electronic mail transmission is not feasible, via certified U.S. Mail with return receipt, or by hand delivery to the following address:

Hans W. Herb
Attorney at Law
P.O. Box 970
Santa Rosa, CA 95402
Telephone: (707) 576-0757
Email: hans@tankman.com

Unless requested otherwise by Defendants, any notice or documents required or provided for by this Consent Decree or related thereto that are to be provided to Defendants pursuant to this Consent Decree shall, to the extent feasible, be provided by electronic mail transmission to the e-mail address listed below or, if electronic mail transmission is not feasible, by certified U.S. Mail with return receipt, or by hand delivery to the address below:

Tony Grizelj
JL Precision, Inc.
2360 Zanker Road
San Jose, CA 95131
Email: tonyg@jlprecision.com

With a copy to:

Shaye Diveley
Meyers Nave
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: (510) 808-2000
Email: sdiveley@meyersnave.com

Notifications of communications shall be deemed submitted on the date that they are emailed or postmarked and sent by first-class mail or deposited with an overnight mail/delivery service. Any change of address or addresses shall be communicated in the manner described above for giving notices.

25. **Impossibility of Performance**: No party shall be considered to be in default in the performance of any of its obligations under this Consent Decree when performance becomes impossible due to circumstances beyond the Party's control, including without limitation, any act

of war or terrorism, fire, earthquake, and flood. "Circumstances beyond the Party's control" shall not include normal inclement weather, economic hardship, or inability to pay. Any Party seeking to rely upon this Paragraph shall have the burden of establishing that it could not reasonably have been expected to avoid, and which by exercise of due diligence has been unable to overcome, the impossibility of performance.

The Parties hereby enter into this Consent Decree and Stipulated Order, and submit it to the Court for its approval and entry as a final judgment.

DATED: March 2, 2020

EDEN ENVIRONMENTAL CITIZEN'S GROUP LLC

By: ______________________
Aiden J. Sanchez

**APPROVAL AS TO FORM:**

LAW OFFICE OF HANS HERB

By: ______________________
HANS HERB
Attorneys for EDEN ENVIRONMENTAL CITIZEN'S GROUP LLC

DATED: Mar 2nd, 2020

LAPTALO ENTERPRISES dba JL PRECISION, INC.

By: ______________________

DATED: Mar 2nd, 2020

JAKOV LAPTALO

By: ______________________

DATED: Mar 2nd, 2020

MICHAEL LAPTALO

By: ______________________

**APPROVAL AS TO FORM:**

MEYERS NAVE RIBACK SILVER & WILSON

By: ______________________
SHAYE DIVELEY
Attorneys for LAPTALO ENTERPRISES
dba JL PRECISION INC.; JAKOV LAPTALO; MICHAEL LAPTALO

**CONSENT DECREE**

IT IS HEREBY ORDERED that the above-captioned action against all parties is dismissed with prejudice.

IT IS FURTHER ORDERED that, through the Termination Date specified in paragraph 4 of the Consent Decree, the Court shall retain jurisdiction over EDEN's claims against Defendants for the sole purpose of enforcing compliance by the Parties with the terms of the Consent Decree. The Parties consent to Magistrate Judge Hixson to retain continuing jurisdiction over the Consent Decree.

**APPROVED AND SO ORDERED**, this 5th day of May, 2020.

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

3487203.2

cc: MagRef Email; Magistrate Judge Hixson